IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PARIS TOOKS, )<br>      Plaintiff, )<br>            )<br> vs. )<br>            )<br>KEEFE COMMISSARY NETWORK )<br>SALES, 950 Second Avenue, Pittsburgh, )<br>PA; KEEFE COMMISARY NETWORK )<br>SALES, P.O. Box 17490, St. Louis, MO, )<br>      Defendants. ) | Civil Action No. 10-1265<br>District Judge Terrence F. McVerry<br>Magistrate Judge Maureen P. Kelly |

**REPORT AND RECOMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the Complaint in the above-captioned case, ECF No. 3, be dismissed for failure to prosecute.

**II. REPORT**

Plaintiff, Paris Tooks, has presented a civil rights complaint against Defendants, Keefe Commissary Network Sales, alleging that his Constitutional rights were somehow violated due to the prices charged for food items at the Allegheny County Jail Commissary.

Defendant filed a Motion to Dismiss on July 20, 2011, and on September 7, 2011, this Court issued an Order directing Plaintiff to respond to the motion on or before October 7, 2011. ECF Nos. 16, 19. Plaintiff failed to file a response and on November 9, 2011, an Order to Show Cause why the case should not be dismissed for failure to prosecute was issued, returnable on November 25, 2011. ECF No. 20. To date, Plaintiff has failed to respond or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In

determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

    (1)    The extent of the party's personal responsibility.

    (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

    (3)    A history of dilatoriness.

    (4)    Whether the conduct of the party or the attorney was willful or in bad faith.

    (5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

    (6)    The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders which weigh heavily against him. Plaintiff's failure to respond to Defendant's Motion to Dismiss as ordered by the Court, and failure to respond to the Order to Show Cause was not only solely his personal responsibility but his failure to do so over four months later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- other than the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to Defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, because he has failed to comply with the Court's

Orders so that the case may proceed, as evidenced by his failure to respond to Defendant's Motion to Dismiss and the Order to Show Cause, it appears that Plaintiff has no serious interest in pursuing this case.  Therefore, dismissal is the most appropriate action for this Court to take and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.   Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72D.2, Plaintiff is permitted to file written objections and responses thereto in  accordance with the schedule established in the docket entry reflecting the filing of this Report  and Recommendation.  Failure to timely file objections will constitute a waiver of any appellate rights.  Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983).  See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

                                Respectfully submitted,

                                /s/Maureen P. Kelly
                                United States Magistrate Judge

Dated:  December 6, 2011

cc:      Paris Tooks
         1510 Hays Street
         Homestead, PA 15120

         All counsel of record via CM/ECF